```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ANDRE KELLY,
                                                    NOT FOR PUBLICATION
              Petitioner,
    -against-                                       **ORDER**

WARDEN, RIKERS ISLAND CORRECTIONAL                  16-CV-2414 (KAM)(LB)
FACILITY,

              Respondent.
-----------------------------------X
```
**MATSUMOTO, United States District Judge**:

        Plaintiff Andre Kelly, proceeding *pro se*, filed this action against the New York State Board of Parole on May 5, 2016 seeking his release from Rikers Island Correctional Facility ("Rikers Island"), where he had been held pending resolution of a state court parole violation.  (*See* ECF No. 1.)  Magistrate Judge Lois Bloom construed the complaint as a petition for habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241, and amended the Petition to name the Warden of Rikers Island as the respondent because petitioner was in custody at Rikers Island when the Petition was filed.  (ECF No. 5, Order to Show Cause.) On May 21, 2016, Judge Bloom issued an order directing respondent to show cause in writing why a writ of habeas corpus should not be issued.  (*Id.*)

        On July 5, 2016, the New York State Board of Parole, which is a branch of the New York State Department of Correctional and Community Services ("DOCCS"), filed a declaration in opposition to the Petition asserting that the

Petition "is moot because petitioner has been released from Rikers Island, and he is also no longer under DOCCS' supervision." (ECF No. 7, Decl. in Opp. to Pet., at ¶ 2.) The declaration explained that petitioner was released because the sentence for his underlying state conviction in Georgia had reached its maximum expiration date. (*Id*. at ¶ 4.) The next day, respondent confirmed that "Petitioner has been discharged as of June 8, 2016 and is no longer in DOC custody." (ECF No. 11, Decl. of Susana Hersh in Opp. to Writ of Habeas Corpus, at ¶ 1.) Respondent's declaration attached as an exhibit a printout from the Department of Corrections "Inmate Lookup System," which is publically available on DOC's website and reflects that Petitioner was discharged from DOC custody on June 8, 2016.

Accordingly, because petitioner is no longer "in custody" as contemplated by 28 U.S.C. § 2241(c)(3), the Petition is dismissed as moot. It is further ordered that no certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c). The Clerk of Court is directed to serve a copy of this Order on the petitioner at his last known address, note service on the docket, and close this case.

**SO ORDERED.**

Dated: July 12, 2016
Brooklyn, New York

_____/s/_____
Kiyo A. Matsumoto
United States District Judge